CARLOS ARCHEVALD RODRÍGUEZ, Plaintiff and Appellee, *v.* JUAN CRUZ PABÓN, Defendant and Appellant.

No. 51.          Decided February 20, 1963.

*Frank Torres* for petitioner-appellant.     *Roberto Davis Vázquez* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

In the year 1957, Carlos Archevald Rodríguez purchased from the Ponce Cement Corporation, a lot consisting of 406

square meters, located in the ward of Magueyes of Ponce. There is a house on said lot belonging to petitioner Juan Cruz Pabón.

Archevald filed a complaint in an action to enforce the right of accession against Cruz Pabón before the District Court, Ponce Part. Defendant alleged in his defense that he acquired the lot by extraordinary prescription.

At the trial, defendant attempted to prove that the aforesaid lot had been verbally donated by Julio Chardón and his wife, former owners of the farm "Paula," of which the lot in question was a part, and also that from the date of the gift, around 1925 or 1926, he had built the house and had since then possessed the lot publicly, quietly, and peacefully, as its owner.

The District Court rendered judgment sustaining the complaint of accession, after deciding that plaintiff was the owner of the lot, and on appeal said judgment was affirmed by the Superior Court.

In this Court, defendant-petitioner maintains that the Superior Court erred (1) in failing to decide that he had acquired the lot by extraordinary prescription; (2) in deciding a conflict of title within an action of accession, and (3) in failing to comply with § 297 of the Civil Code (1930 ed.).

■ The errors were not committed. Plaintiff's evidence, partly corroborated by defendant's own evidence, showed that the house was built in 1935, and since it is from that date that defendant has been in possession of the lot, the statutory period for extraordinary acquisitive prescription had not elapsed on the date the complaint was filed in 1959, admitting, of course, for our present purposes, that said possession was accompanied by the other necessary requirements for acquiring ownership under such title.

■ The apparent conflict of title, if any, was decided against defendant, and there was nothing to preclude such a decision in an ordinary trial for accession.

██ Appellee's interpretation of § 297 of the Civil Code is erroneous. The owner of the land built upon has the right to appropriate as his own the work upon payment of the proper compensation, or to compel the person who built to pay him the value of the land. The law grants an alternative to the owner of the land built upon and he is obliged to choose between acquiring the work and selling the land. If he chooses to acquire the work, the owner thereof can not compel him to sell the land. *Echegaray* v. *District Court*, 72 P.R.R. 416; *King* v. *Fernández et al.*, 33 P.R.R. 722, reversed for other reasons in *Viera* v. *Arizmendi*, 74 P.R.R. 36; *Berrocal* v. *District Court*, 76 P.R.R. 35.

In view of the foregoing, the judgment rendered by the Superior Court will be affirmed.